IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50472
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO LEOS GALINDO,

Defendant-Appellant.

*************************

_____

No. 96-50559
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK MATHIS; TROY MATHIS,

Defendants-Appellants.

- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
USDC Nos. SA-95-CR-148-4 & SA-95-CR-148-6
- - - - - - - - - -
December 19, 1997
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Reynaldo Leos Galindo, Frank Mathis, and Troy Mathis were charged in a superseding indictment, along with nine other individuals, for various drug offenses. After their motions to suppress wiretap evidence were denied, Galindo entered a conditional guilty plea to count 2 of a superseding indictment, which charged him with possession of cocaine with intent to distribute and aiding and abetting; Frank Mathis entered a conditional guilty plea to a superseding information, which charged him with possession of cocaine base with intent to distribute; and Troy Mathis entered a conditional guilty plea to a superseding information, which charged him with use of a communication device to facilitate a drug trafficking felony.

The orders authorizing the wiretaps in this case were predicated upon representations in affidavits of Drug Enforcement Administration Special Agent William Furay. Appellants argue that the affidavits contain false statements of fact and were based upon stale information. Considering the totality of the circumstances and the lack of corroborating information in the affidavits, they argue, the affidavits failed to establish that there was probable cause for the wiretaps. Appellants contend that the affidavits failed to establish the necessity of the proposed wiretaps. Appellants contend that the applications and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supporting documents were technically deficient.  Appellants contend that interception of communications continued after the expiration of the authorized period.  Appellants contend that this requirement was violated in two instances.  Appellants contend that the Government continued to intercept communications long after the achievement of its objectives.  Finally, appellants contend that the cumulative effect of the errors and violations in obtaining and executing the wiretap orders required suppression of the wiretap evidence.

We have carefully reviewed the briefs and the record. Essentially for reasons stated by the district court, see United States v. Mathis et al., No. SA-95-CR-148 (W.D. Tex. Jan. 22, 1996), we hold that the district court did not err in refusing to suppress the wiretap evidence.  The judgments are

AFFIRMED.